104 F.3d 350
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Ronald DAVIDSON, Plaintiff-Appellant,
v.
M. DEAN, Bruce Farrell, Roger Hyman, James Shope, Frederick
Duncan, Sergeant, Thomas A. Coughlin, Defendants-Appellees.
 No. 95-2505.
 United States Court of Appeals, Second Circuit.
 Sept. 20, 1996.
 
 Ronald Davidson appeals from a judgment entered on July 25, 1995, in the United States District Court for the Northern District of New York (McAvoy, C.J.), granting the defendants' motion to dismiss.
 N.D.N.Y.
 VACATED.
 
 
 1
 Appearing for Appellant: Stephen M. Latimer, Hackensack, NJ.
 
 
 2
 Appearing for Appellees: Martin A. Hotvet, Assistant Attorney General, Albany, NY.
 
 
 3
 Present OAKES, CALABRESI, C.J., CONNER, Senior District Judge.*
 
 ORDER
 
 4
 Davidson alleged in a pro se complaint filed in the Southern District of New York that in October, 1983 and January, 1984, while being transported between correction facilities, he had been subjected to multiple strip frisk searches in violation of the Eighth Amendment and the Consent Decree in Full Resolution of Action, Hurley v. Coughlin, 77-CV-3847 (RLC) (S.D.N.Y.1983) (hereinafter "Consent Decree"). He sought damages and injunctive relief. In a Memorandum Order dated December 22, 1987, the district court (Daronco, J.) granted a motion by the defendants to transfer the action to the Northern District of New York pursuant to 28 U.S.C. § 1404(a), which states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."
 
 
 5
 After some discovery, the defendants moved for judgment on the pleadings. On July 13, 1993, the district court (McAvoy, C.J.) granted the motion with respect to the plaintiff's Eighth Amendment claim and remanded the claim stemming from the Consent Decree to the magistrate for further consideration. In November, 1994 the plaintiff moved for leave to file an amended complaint in order to add a Fourth Amendment claim. The district court, in July, 1995, dismissed the claim stemming from the Consent Decree for lack of jurisdiction on the ground that "the Southern District of New York [had] specifically retained jurisdiction to enforce the terms of the decree" and, for this reason, was the proper court to determine whether alleged actions violated the Consent Decree. Davidson v. Dean, et. al, No. 88-CV-50, slip op. at 2 (N.D.N.Y. July 22, 1995). The court never answered the plaintiff's attempt to amend the complaint, and did not address the Fourth Amendment claim. It, therefore, entered a final judgment from which the plaintiff appeals.
 
 
 6
 The plaintiff argues here (1) that the district court in the Southern District of New York erred when it transferred the case to the Northern District of New York while Hurley was pending, and hence that the district court in the Northern District of New York also erred when it dismissed the case instead of transferring the case back to the Southern District; and (2) that the strip frisks violated his Eighth and Fourth Amendment rights and the Consent Decree in Hurley. Since the original transfer of venue was not an appealable order, this is the first occasion on which the plaintiff can appeal the propriety of that transfer.
 
 
 7
 The defendants concede that the district court in the Northern District should have allowed the plaintiff to amend his complaint and that, as amended, the complaint raises Fourth Amendment issues that cannot be summarily dismissed and require further proceedings. They argue, however, that the district court in the Southern District of New York did not abuse its discretion in granting the defendants' motion to transfer venue and that the Northern District of New York remains the proper venue for the case. We disagree.
 
 
 8
 At the time of the original motion to transfer venue, venue in the Southern District of New York was proper. By the terms of the Consent Decree entered in the Southern District, which states that "this Court shall retain jurisdiction to enforce the terms of this decree and to entertain applications for costs and attorney's fees," the Northern District of New York had no jurisdiction over Davidson's claim under the Consent Decree. Therefore, the Northern District was not a district in which an action under the Consent Decree might have been brought under the terms of 28 U.S.C. § 1404(a). Davidson's claim under the Consent Decree was sufficiently interrelated with his constitutional claims as to make the same venue for all his claims clearly desirable. Moreover, there were, and are, no powerful reasons for Davidson's constitutional claims to be treated in the Northern District rather than the Southern District. Under the circumstances, the initial transfer of venue was erroneous and constituted an abuse of discretion. We therefore vacate the judgment of the district court of the Northern District and remand the case to that court for an immediate transfer of venue back to the Southern District of New York where all appropriate further proceedings are to take place.
 
 
 
 *
 The Honorable William C. Conner, Senior District Judge of the United States District Court for the Southern District of New York, sitting by designation